UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDUARDO AVILA, ET AL.                                   CIVIL ACTION

VERSUS                                                       NO. 20-1850

VILLAGE MART, LLC – SUPERIOR                    SECTION "R" (3)
FOR MEN, ET AL.


**ORDER AND REASONS**

Before the Court is third-party defendant Perrier Esquerre Contractors, LLC's ("Perrier") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]  Defendant and third-party claimant Village Mart, LLC-Superior for Men ("Village Mart") opposes the motion.[2]  For the following reasons, the Court denies Perrier's motion.


I.    **BACKGROUND**

This case arises out of a workplace accident at a retail space that Oakwood Shopping Center, LLC ("Oakwood") leased to Village Mart.[3] Village Mart entered into a contract with Perrier to manage the construction

_____

[1]   R. Doc. 53.
[2]   R. Doc. 57.
[3]   R. Doc. 53-1 at 1-3.

of a buildout at the retail space.[4]  Perrier, in turn, entered into a subcontract with Barry Jacob Hart d/b/a BDC Painters ("BDC Painters"), to perform painting and additional services in the leased space.[5]  Plaintiffs, Eduardo Avila and Myrna Vences Avila, allege that, on or about December 21, 2018, while Eduardo Avila was painting the retail store, he fell from a ladder, sustaining a head injury.[6]  At the time of the accident, Eduardo Avila was employed by third-party defendant BDC Painters.[7]  On December 23, 2019, plaintiffs sued owner Oakwood and its tenant, Village Mart, in Louisiana state court, alleging claims of negligence under Louisiana law.[8]  Village Mart removed the action to federal court.[9]

On February 8, 2021, Village Mart filed a third-party complaint against Perrier, BDC Painters, and Axis Insurance Company, claiming that they were "responsible for defending, indemnifying, and holding Village Mart harmless against any and all claims brought by plaintiffs."[10]  Perrier now seeks dismissal of Village Mart's claim against it, on the grounds that Village Mart has not alleged any facts showing that it is entitled to indemnification and

---

[4]     *Id.*
[5]     *Id.* at 2.
[6]     R. Doc. 30 ¶ 3.
[7]     R. Doc. 24-1 ¶ 10.
[8]     R. Doc. 30 ¶ 4; R. Doc. 53-1 at 1.
[9]     R. Doc. 1.
[10]    R. Doc. 30 ¶ 20.

defense from Perrier.[11]  Village Mart opposes the motion, asserting that it has made sufficient factual allegations to state a claim for indemnity from Perrier.[12]   The Court considers the parties' arguments below.


## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court

---

[11]     R. Doc. 53.
[12]     R. Doc. 57.

may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III.  DISCUSSION

Here, the Court must consider whether Village Mart has plausibly alleged that it is entitled to indemnity and defense from Perrier under Louisiana law.  Indemnity is an equitable remedy that "in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed." *Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999).  Under Louisiana law, the "obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement." *Hamway v. Braud*, 838 So. 2d 803, 806 (La. Ct. App. 2002).  Here, Perrier seeks dismissal on the grounds that Village Mart has failed to state a claim for indemnification under either a theory of

4

contractual or implied indemnity.[13]   Specifically, Perrier contends that, although "there are numerous factual allegations in the Third-Party Demand supporting Village Mart's claims against BDC and Axis, there are no factual allegations whatsoever that support the claim against Perrier."[14]   Village Mart disputes this, and instead asserts that it has provided sufficient factual allegations for its indemnity claim against Perrier based both on its contract with Perrier, and Perrier's control over the construction site.[15]

## A.    Contractual Indemnity

The Court first considers whether Village Mart has sufficiently alleged that Perrier has a contractual obligation to indemnify and defend Village Mart.    Under Louisiana law, courts apply general rules of contract interpretation to construe indemnity provisions.   *Liberty Mut. Ins. Co. v. Pine Bluff Sand & Gravel Co.*, 89 F.3d 243, 246 (5th Cir. 1996).   The intent of the parties will control whether a claim is covered by an indemnity agreement.   *Berry v. Orleans Parish Sch. Board*, 830 So. 2d 283, 285 (La. 2002).    When the terms of the indemnity provision are clear and unambiguous and do not lead to absurd results, the Court interprets them as

---

[13]    R. Doc. 53-1 at 6-10; R. Doc. 62.
[14]    R. Doc. 53-1 at 10.
[15]    R. Doc. 57 at 4.

5

a matter of law. *See* La. Civ. Code art. 2046. But "ambiguity in the terms of a contract gives rise to a fact question concerning the intent of the parties." *Pine Bluff*, 89 F.3d at 246. Agreements to indemnify are strictly construed, and the party seeking to enforce an indemnity provision bears the burden of proving the existence and applicability of the provision. *See Travelers Ins. Co. v. McDermott Inc.*, No. 01-3218, 2003 WL 21999354, at *8 (E.D. La. Aug. 22, 2003) (citing *M.O.N.T. Boat Rental Servs., Inc. v. Union Oil Co. of Ca.*, 613 F.2d 576, 580 (5th Cir. 1980)).

Here, Village Mart asserts that its contract with Perrier "contemplated Perrier being responsible for, and having the means to pay for, damages arising from its buildout of Village Mart's space."[16] Village Mart bases its argument on the contractual provision requiring Perrier to provide "contractor's general liability insurance with limits [of] $2,000,000," "umbrella liability insurance with limits of $2,000,000," and to "obtain an endorsement to its general liability insurance policy to cover [] Perrier's obligations."[17] Village Mart does not assert that its contract with Perrier

---

[16]   R. Doc. 57 at 2.
[17]   R. Doc. 30 ¶ 7.

includes an indemnity provision, or that it requires Perrier to name Village Mart as an additional insured.

The Court finds that, because Village Mart did not include an indemnity or defense provision in its contract with Perrier, Perrier has no contractual duty to indemnify or defend Village Mart. Moreover, the Court is not persuaded by Village Mart's argument that Perrier's contractual requirement to obtain specific insurance policies and limits to cover its own obligations somehow implies that it also has a contractual obligation to indemnify and defend Village Mart.[18] Although the contract required Perrier to obtain its own liability insurance, it notably did not require Perrier to have Village Mart named as an additional insured on its policy.[19] *Cf. Lexington Ins. Co. v. Autobuses Lucano Inc.*, 256 F. App'x 682, 684 (5th Cir. 2007) (affirming the district court's holding that, because a party was not named as an additional insured, the insurers had no duty to defend or indemnify). Therefore, given the lack of "explicit language that there is an obligation," the Court finds that "it is unreasonable to assume" that Perrier intended to indemnify and defend Village Mart for claims brought against it related to the buildout. *See Am. Home Assurance Co. v. Liberty Mutual Ins. Co.*, 353

---

[18]     R. Doc. 57 at 2.
[19]     R. Doc. 53-1 at 6-7.

F. Supp. 2d 698, 702 (E.D. La. 2004); *see also Humphrey v. Higbee Lancoms, L.P.*, No. 18-6298, 2019 WL 2177366, at *2 (E.D. La. May 20, 2019) (noting that, because the parties did not allege that the contract included an indemnity provision, the only indemnity available to the third-party plaintiff was implied indemnity).

The absence of an indemnification or defense clause in Village Mart's contract with Perrier is especially suggestive of the parties' intent, given that Perrier's subcontract with BDC Painters expressly required BDC Painters to (i) indemnify and defend Village Mart, and (ii) name Village Mart as an additional insured on BDC Painter's insurance policy.[20]   Accordingly, the Court finds that, because Village Mart and Perrier's contract did not include an indemnity provision, the parties did not intend for Perrier to contractually indemnify and defend Village Mart for any claims arising from the buildout.

---

[20]   R. Doc. 30 ¶ 13 ("Section 27 of the subcontract provides that BDC shall indemnify, hold harmless, and defend Village Mart (*i.e.*, "Owner")."); *id.* ¶ 11 ("Section 11 of the subcontract provides that BDC shall name Village Mart as an additional insured on BDC's liability insurance policy for periods encompassing the duration of the work under the subcontract.").

**B.    Implied Indemnity**

Having found no express contractual provision for indemnity, the Court next considers whether Village Mart has stated a plausible claim against Perrier under a theory of implied indemnity.  A claim for implied indemnity "arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed." *Hamway*, 838 So. 2d at 806.  Accordingly, a party who is actually negligent or at fault cannot recover under a theory of implied indemnity.  *Id.*

Courts dismiss third-party claims for indemnity if "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings . . . in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault." *Martco Ltd. P'Ship v. Bruks Inc.*, 430 F. App'x 332, 335 (5th Cir. 2011) (per curiam) (quoting *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267-68 (5th Cir. 1991)).   When considering whether there is a foreseeable combination of findings that could result in the third-party plaintiff being held technically liable for the third-party defendant's alleged negligence, the

court's "[s]crutiny . . . [should be] directed at the nature, not the quantum, of the fault, if any, of the party seeking indemnity." *Ducre v. Exec. Offs. of Halter Marine, Inc.*, 752 F.2d 976, 984-85 (5th Cir. 1985).

Here, Village Mart has stated a plausible claim for indemnity from Perrier under Louisiana Law. Village Mart has denied any wrongdoing associated with plaintiff's accident, and states that any fault attributed to it was "constructive and derived from Perrier's and/or BDC Painter's acts/omissions/breaches."[21] Specifically, Village Mart represents that it was "not involved in the actual buildout."[22] Village Mart asserts that, instead, it hired Perrier as its general contractor for the buildout, and that, in that role, Perrier "was involved with the actual operations of the buildout," and "had hands-on involvement and/or custody/garde of the physical circumstances/conditions of the space in which plaintiff Avila fell during Perrier's buildout."[23] In response, Perrier argues that Village Mart's allegations are conclusory and are contradicted by Village Mart's third-party demand.[24] Perrier notes that the subcontract between BDC Painters and Perrier, cited in the third-party demand, states that BDC Painters would be

---

[21]   R. Doc. 57 at 2.

[22]   *Id.*

[23]   *Id.*

[24]   R. Doc. 62 at 4-5.

responsible for providing its own tools and equipment, supervising its employees, and complying with all safety requirements.[25]  Therefore, Perrier contends that the third-party demand "clearly show[s]" that Village Mart is only claiming that its liability is constructive and derived from BDC Painter's breach of the subcontract.[26]

Perrier is correct that these provisions may support a finding that BDC Painters, not Perrier, caused Village Mart to be constructively liable.  But that does not mean that Village Mart, "at the Rule 12(b)(6) stage," has not alleged "a plausible basis for an entitlement to legal indemnity" from Perrier, in addition to BDC Painters.  *See Martco*, 430 F. App'x at 338 (stating that it "may ultimately prove to be the case . . . [that the third-party plaintiff] will have no basis for asserting a claim for indemnity against [the third-party defendant] . . . [but] such a determination turns on factual findings that cannot be made at the Rule 12(b)(6) stage"); *see also Thibodeaux v. Red Frog Events, LLC*, No. 17-695, 2018 WL 4373753, at *3 (W.D. La. Sept. 13, 2018) (denying a motion to dismiss because "whether [the third-party defendant] is actually liable to [the third-party plaintiff] 'requires factual findings that cannot be made at the Rule 12(b)(6) stage'" (citation omitted)).  Moreover,

---

[25]   *Id.*; *see also* R. Doc. 30 ¶¶ 14-17.
[26]   R. Doc. 62 at 5-6.

Village Mart's specific allegations that Perrier, the general contractor for the buildout, had "hands-on involvement"[27] and "control over the job at Village Mart's site,"[28] are sufficient to support a plausible claim of relief where plaintiffs allege, among other things, failure to "properly control the workspace."[29] Nor is Village Mart's assertion that Perrier controlled and had custody over the workspace at odds with the provisions in the subcontract that required BDC Painters to provide its own tools, to supervise its employees, and comply with safety requirements.

The Court therefore finds that Village Mart has stated a plausible basis for indemnity sufficient to defeat dismissal under Rule 12(b)(6). *See Buratt v. Red Frog Events, LLC*, No. 17-0100, 2017 WL 5147156, at *2-3 (W.D. La. Nov. 6, 2017) (denying a third-party defendant's motion to dismiss after finding that the third-party plaintiff had "sufficiently ple[d] a third party demand" by denying any wrongdoing and alleging that "any liability it may have is only technical and a result of" the third-party defendant's negligent construction, oversight, and maintenance); *see also Martco*, 430 F. App'x at 337-38 (reversing the district court's dismissal of a third-party indemnity claim where the third-party plaintiff "denied any wrongdoing" and "alleged

---

[27]   R. Doc. 57 at 2.
[28]   *Id.* at 4.
[29]   R. Doc. 30 ¶ 4.

that any liability that it may have is only technical and a result of the faulty"
designs and information provided by the third-party defendant).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Perrier's motion to
dismiss.

New Orleans, Louisiana, this __14th__ day of October, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13